# Issues Presented

1. Did Mr. Pires get effective assistance of counsel by pleading guilty to possession of one bag of marijuana, was advised of the elements of the offense or that he admitted to facts constituting the unexplained elements.

# Statement of Facts

October second, 1999 in the town of Brockton, Officers Morrissey and Linehan were transporting a prisoner back to the police department. While on Hancock Street, they observed a large group of males in the roadway.

The officers approached the plaintiff who appeared intoxicated and was yelling. The officers told plaintiff to stop yelling. Plaintiff was drunk, intoxicated, did not understant what was going on.

The officers arrested the plaintiff for disorderly conduct and was brought back to the station. Inventory of the plaintiff's possessions revealed one baggie of marijuana in his waistband, and also in his pockets, 11 empty bags. He also had 327 dollars on him in cash and a pager.

# ARGUMENT

## DID ADILSON PIRES RECEIVE EFFECTIVE ASSISTANCE OF COUNSEL AS PROVIDED UNDER THE U.S. CONSTITUTION

The Sixth Amendment to the U.S. Constitution provides in part that,

"In all criminal prosecution, the accused shall enjoy the right to a speedy, trial and public trial, ..... to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the assistance of counsel for his defense".

Counsel was ineffective because he failed to move for a continuance to prepare for sentencing, to investigate and present character witnesses, to present meaningful arguments to the sentencing judge, to advise defendant at trial of the elements of the offenses, and to explain to defendant the facts constituting the unexplained elements that defendant plead guilty to at trial.

Counsels assistance reflected a substantial and serious deficiency measurably below that of competent counsel that was likely to have

AFFECTED THE OUTCOME OF THE CASE.

UNDER THE FIFTH, AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION, AS WELL AS ARTICLE XII OF THEE MASSACHUSETTS DECLARATION OF RIGHTS, A DEFENDANT'S GUILTY PLEA MUST BE TENDERED IN A KNOWING INTELLIGENT AND VOLUNTARY MANNER (~~........~~).

A GUILTY PLEA CANNOT BE CONSIDERED VOLUNTARY WHERE IT IS NOT CLEAR FROM THE RECORD THAT THE DEFENDANT UNDERSTOOD THE NATURE AND ELEMENTS OF THE CHARGE TO WHICH HE PLED GUILTY.

WHERE THE TRIAL JUDGE AND COUNSEL FAILED TO EXPLAIN AT TRIAL ANY OF THE ELEMENTS OF THE CHARGE OFFENSES AND THE RECITATION OF THE FACTS TO WHICH MR. PIRES ADMITTED WAS INSUFFICIENT TO SUPPORT THE CHARGE OF POSSESSION WITH INTENT TO DISTRIBUTE MARIJUANA, IT IS CLEAR THAT MR. PIRES' PLEA WAS NOT A KNOWING, INTELLIGENT AND VOLUNTARY ADMISSION, THE BAG OF MARIJUANA ~~FOR~~ WAS FOR MR. PIRES' OWN PERSONAL CONSUMPTION, THIS IS WHAT MR. PIRES ~~KNEW~~ ~~THOUGHT HE~~ MEANT AS THE FACTS,

THE RECORD AFFIRMATIVELY DEMONSTRATES BEYOND ANY DOUBT THAT, HAD COUNSEL EXPLAINED THE ELEMENTS CONSTITUTING THE ELEMENTS

OF THE UNEXPLAINED FACTS AT TRIAL, OR THE TRIAL JUDGE, MR. PIRES WOULD HAVE ACTED OTHERWISE AND THE OUTCOME WOULD HAVE BEEN DIFFERENT.

THE SIXTH AMENDMENT RIGHT TO ASSISTANCE OF COUNSEL ACCORDED CRIMINAL DEFENDANTS A RIGHT TO COUNSEL REASONABLY LIKELY TO RENDER AND RENDERING RESONABLY Effective Assistance given the totality of the circumstances.

~~THE TRIAL IS MERELY A READING BY THE CLERK OF COURT COMPLAINT NUMBER 9915-CR-6874~~

~~THE FACTS MR PIRES PLEAD TO ARE TRUE~~

THE PUNISHMENT THAT A DEFENDANT FACES IS ONE OF THE CIRCUMSTANCES TO BE CONSIDERED IN DETERMINING WHETHER COUNSEL WAS REASONABLY Effective. Counsel Breached his duty to investigate ~~circumstances~~ CIRCUMSTANCES, COUNSEL EXPLAINED TO MR. PIRES THAT, BECAUSE MR. PIRES FATHER IS A U.S. CITIZEN, MR. PIRES WON'T FACE ANY PROBLEMS.

THE SIXTH AMENDMENT IMPOSES ON COUNSEL A DUTY TO INVESTIGATE, BECAUSE REASONABLY EFFECTIVE ASSISTANCE MUST BE BASED ON PROFFESSIONAL DECISIONS AND INFORMED LEGAL CHOICES CAN BE MADE ONLY AFTER INVESTIGATION OF OPTIONS.

HAD COUNSEL INVESTIGATED THE PUNISHMENT MR. PIRES WOULD FACE, AND EXPLAINED THE ELEMENTS OF THE GUILTY PLEA, MR PIRES

WOULD HAVE ASKED FOR A PLEA OF POSSESSION ONLY AND NOT POSSESSION WITH INTENT TO DISTRIBUTE.

 FOR THE FOREGOING REASONS, THIS COURT SHOULD VACATE, SET ASIDE OR CORRECT THE SENTENCE TO ONLY POSSESSION OR GRANT THE DEFENDANT A NEW TRIAL.

DATED: FEBRUARY 20, 2004
PLYMOUTH, MASSACHUSETTS.

RESPECTFULLY SUBMITTED,
ADILSON PIRES
PCCF,
26 LONG POND ROAD,
PLYMOUTH, MA. 02360.

*Adilson Pires*

## BACKGROUND

FILED
IN CLERKS OFFICE
2004 FEB 24 A 11:21
DISTRICT COURT
DISTRICT OF MASS

MR. PIRES HAS SERVED HIS SENTENCE. MR. PIRES HAS BEEN ORDERED DEPORTED FROM THE UNITED STATES AS A RESULT OF THIS CONVICTION FOR POSSESSION WITH INTENT TO DISTRIBUTE MARIJUANA.

MR. ADILSON PIRES IS A NATIVE AND CITIZEN OF CAPE VERDE. MR. PIRES HAS RESIDED LAWFULLY IN THE UNITED STATES, MORE SPECIFICALLY IN THE BROCTON AREA. AT THE AGE OF NINE, HE ENTERED THE UNITED STATES AS A LAWFUL PERMANENT RESIDENT WITH HIS FAMILY. MR. PIRES IS NOW 22 YEARS OLD. HE IS CURRENTLY BEING DETAINED IN FEDERAL CUSTODY BY THE IMMIGRATION AND NATURALIZATION SERVICE. HE HAS REMAINED IN CUSTODY SINCE HIS ARREST ON OCTOBER 2, 1999.

DATED: FEBRUARY 20, 2004
PLYMOUTH, MASSACHUSETTS

RESPECTFULLY SUBMITTED,
ADILSON PIRES,
26 LONG POND ROAD,
PLYMOUTH, MA. 02360-

*Adilson Pires*

1
2                          **PROCEEDINGS**
3
4               COURT OFFICER:  Court is in session.
5   You may be seated.  Quiet in the courtroom, please.
6               THE CLERK:  Adilson D. Pires, please
7   stand.  On complaint 9915 CR 6874, disorderly
8   conduct, second possession and control of substance
9   class D., marijuana.  Third, possession to
10  distribute a class D., marijuana.  The fourth is a
11  drug violation near a school zone.
12              THE COURT:  Could I see the record?
13  And what did he get through the VOP; one year?
14              MR. MILNE:  Yes.
15              THE COURT:  Come on up, Counsel.
16  The statute 279 says that occurred while he was on
17  release here.  Did it occur while he was on release?
18              MR. MILNE:  (inaudible)
19              THE COURT:  So it has to be -- or
20  was he on probation?
21              PROBATION OFFICER:  He was on
22  probation, your Honor.
23              THE COURT:  He wasn't on parole?
24              MR. MILNE:  No, he was on

COMMONWEALTH v. ADILSON D. PIRES

| | |
|---|---|
| 1 | probation, your Honor. |
| 2 | PROBATION OFFICER: And he violated |
| 3 | his probation. |
| 4 | THE COURT: That's okay then. Sir |
| 5 | you have a right to a trial by a jury. If you had a |
| 6 | jury trial, you could take part in the selection of |
| 7 | the six jurors who would hear this case. That jury |
| 8 | would if you were guilty or not guilty and their |
| 9 | verdict would have to unanimous. If it is guilty, I |
| 10 | impose the sentence. The maximum sentence available |
| 11 | to this court to these original charges if I didn't |
| 12 | accept this agreement would be two and a half years |
| 13 | committed to the House of Correction with a two |
| 14 | years on and after mandatory sentence that I would |
| 15 | be required to impose. And the jurors would be from |
| 16 | Plymouth County. No you understand your right to go |
| 17 | to the jury; is that correct? |
| 18 | THE DEFENDANT: (inaudible) |
| 19 | THE COURT: You need to speak, sir. |
| 20 | This is a tape recording. It has to hear my voice |
| 21 | and yours. |
| 22 | THE DEFENDANT: Yes. |
| 23 | THE COURT: And you've decided to |
| 24 | go forward without a jury; is that correct? |

COMMONWEALTH v. ADILSON D. PIRES

1          THE DEFENDANT: Yes.

2          THE COURT: You also have a right
3  to a trial. And at a trial you could watch the
4  witnesses who testify and through counsel you could
5  ask them questions. You have a constitutional right
6  to confrontation and cross examination. You could
7  present your own evidence. You're not required to
8  because you're presumed to be innocent. The burden
9  is on the government to prove that you're guilty
10 beyond a reasonable doubt. You have a fifth
11 amendment right if you don't testify, that can't be
12 held against you. Do you understand what I've told
13 you?

14          THE DEFENDANT: Yes.

15          THE COURT: You're going forward
16 without a trial; is that correct?

17          THE DEFENDANT: Yes.

18          THE COURT: How old are you, sir?

19          THE DEFENDANT: 18.

20          THE COURT: What's the last grade
21 you completed in school?

22          THE DEFENDANT: The tenth.

23          THE COURT: Your last job?

24          THE DEFENDANT: When was it?

COMMONWEALTH v. ADILSON D. PIRES

                                                                11

1           THE COURT:   What was it?

2           THE DEFENDANT:   I worked at this

3    factory place.

4           THE COURT:   Within the last 24

5    hours have you taken any drugs, alcohol or

6    medication?

7           THE DEFENDANT:   No.

8           THE COURT:   Anyone made any threats

9    or promises to you in the case?

10          THE DEFENDANT:   No.

11          THE COURT:   Ever been diagnosed

12   with a mental illness?

13          THE DEFENDANT:   No.

14          THE COURT:   Did you discuss the

15   case with your counsel?

16          THE DEFENDANT:   Yes.

17          THE COURT:   You're satisfied with

18   your lawyer's advice?

19          THE DEFENDANT:   Yes.

20          THE COURT:   I'll advise you that if

21   you're not a United States citizen, an admission or

22   a finding against you can result in the denial of

23   your naturalization, deportation or exclusion from

24   the United States.

COMMONWEALTH v. ADILSON D. PIRES

12

1        Counsel I'll hear from you..

2                    PROBATION OFFICER:   October second,

3    1999 in the town of Brockton, Officers Morrissey and

4    Linehan were transporting a prisoner back to the

5    police department.  While on Hancock Street they

6    observed a large group of males in the roadway.

7    They were blocking the street.  The defendant

8    approached the police officers.  He appeared

9    intoxicated.  He was yelling at them.  They told him

10   to get out of the way and stop yelling.  He refused.

11   He continued, raised his hands in a threatening

12   manner and was approaching the police officers.

13   They arrested him for disorderly conduct and he was

14   brought back to the station.  Inventory of the

15   defendant's possessions revealed a baggie of

16   marijuana in his waistband.  And also in his

17   pockets, 11 empty dime bags.  He also had 327

18   dollars on him in cash and a pager.  Those are the

19   facts.

20                    THE COURT:   Do you admit to those

21   facts?

22                    THE DEFENDANT:   Yes.

23                    THE COURT:   I'll adopt (inaudible)

24   recommendation.

COMMONWEALTH v. ADILSON D. PIRES

1        (inaudible)

2                    MR. MILNE:   I got 127.

3                    THE COURT:   Mr. Pires with respect
4   to the flow of complaints, count one, disorderly
5   conduct, the court would find you guilty and place
6   that complaint on file.  Count two the court would
7   dismiss.  Count three, the court finds you guilty
8   and sentences you to 18 months in the House of
9   Correction.  Those 18 months are to be served
10  concurrently with docket 9915 CR 003036 and you'll
11  be given credit of 127 days.  Count four is going to
12  be dismissed.  There is a 100 dollar counsel fee.
13           Thank you, both.
14                   PROBATION OFFICER:   Thank you.
15                   MR. MILNE:   Thank you, your Honor.
16
17              -- END PROCEEDING --
18

COMMONWEALTH v. ADILSON D. PIRES

# THE UNITED STATES OF AMERICA

No. 21280233

**CERTIFICATE OF NATURALIZATION**



*INS Registration No.* A41 959 561

*I certify that the description given is true, and that the photograph affixed hereto is a likeness of me.*

× Daniel Lomba Pires
(Complete and true signature of holder)

*Be it known that,* pursuant to an application filed with the Attorney General at: BOSTON, MA

*The Attorney General having found that:*
**DANIEL LOMBA PIRES**

*then residing in the United States, intends to reside in the United States when so required by the Naturalization Laws of the United States, and had in all other respects complied with the applicable provisions of such naturalization laws and was entitled to be admitted to citizenship, such person having taken the oath of allegiance in a ceremony conducted by the*

**U.S. DISTRICT COURT**
**FOR THE MASSACHUSETTS DISTRICT**

at: BOSTON, MA          on:   APR 2 0 1995

*that such person is admitted as a citizen of the United States of America.*


Commissioner of Immigration and Naturalization

*Personal description of holder as of date of naturalization:*

Date of birth: MARCH 20, 1960

Sex: MALE

Height: 5 feet 08 inches

Marital status: DIVORCED

Country of former nationality:
CAPE VERDE


Daniel Lomba Pires

IT IS PUNISHABLE BY U.S. LAW TO COPY,
PRINT OR PHOTOGRAPH THIS CERTIFICATE,
WITHOUT LAWFUL AUTHORITY.

OPTIONAL FORM 155A (Rev. 6-83)
DEPT. OF STATE

# IMMIGRANT VISA AND ALIEN REGISTRATION

IV-41,959,562

☐ THE IMMIGRANT HAS BEEN PREVIOUSLY IN THE UNITED STATES

(3)

| OF: | (Family Name) PIRES | (First Name) ADILSON | (Middle Name) DANIEL VIEIRA | INS FILE #, IF KNOWN |

**ACTION BY IMMIGRATION INSPECTOR**

U.S. IMMIGRATION
020 BOS. 31
FEB [illegible] 1990
ADMITTED P2-3
UNTIL _____

THE IMMIGRANT NAMED ABOVE ARRIVED IN THE UNITED STATES VIA (Name of vessel or flight no. of arrival)
TACV 825

CITY AND COUNTRY OF BIRTH
BRAVA, CAPE VERDE

CITY AND COUNTRY OF LAST RESIDENCE
BRAVA, CAPE VERDE

MARITAL STATUS
☐M ☒S ☐W ☐D ☐SEP

MOTHER'S FIRST NAME
MARIA ARCANGELA

FATHER'S FIRST NAME
DANIEL

INELIGIBILITY FOR VISA WAIVED UNDER SECTION
☐ 212(e)  ☐ 212(h)
☐ 212(g)  ☐ 212(i)

MO-DAY-YR OF BIRTH
1/29/82

NATIONALITY
CAPE VERDEAN

**FINAL ADDRESS IN THE UNITED STATES**
STREET ADDRESS: 64 Forest Ave (18 Bunker Ave crossed out)
CITY, STATE, AND ZIP CODE: BROCKTON, MA

SEC. 212(a)(14) LABOR CERTIFICATION: ☒ NOT APPLICABLE ☐ NOT REQUIRED ☐ ATTACHED
OCCUPATION: STUDENT
SEX: ☒ M ☐ F

This visa is issued under Section 221 of the Immigration and Nationality Act, and upon the basis of the facts stated in the application. Possession of a visa does not entitle the bearer to enter the United States if at the time he seeks to enter he is found to be inadmissible. Upon arrival in the United States, it must be surrendered to a United States Immigration Officer.

AMERICAN AMERICAN EMBASSY
AT PRAIA, CAPE VERDE

DANIEL M. HIRSCH
American Consul of the United States of America

## IMMIGRANT CLASSIFICATION

CLASSIFICATION SYMBOL: P2-3
FOREIGN STATE/OTHER AREA LIMITATION: CAPE VERDE
IMMIGRANT VISA NO.
ISSUED ON: 30TH NOV 1989
THE VALIDITY OF THIS VISA EXPIRES MIDNIGHT AT THE END OF: 29TH MAR 1990

### PASSPORT
NO. NONE
OR OTHER TRAVEL DOCUMENTS: TRAVEL DOCUMENT NO. 489TV
ISSUED TO: ADILSON DANIEL VIEIRA PIRES
BY: GOVERNEMNT OF CAPE VERDE
ON: 11/3/89
EXPIRES: 11/2/90  IV

Tariff No. 21
Fee Paid $75
Local Cy. Equiv. 1,950$00

FOREIGN SERVICE
UNITED STATES OF AMERICA

ACTION OF I.J.

ACTION ON APPEAL

PROCESSED FOR I-551, TEMPORARY EVIDENCE OF LAWFUL ADMISSION FOR PERMANENT RESIDENCE VALID UNTIL 8-2-90
EMPLOYMENT AUTHORIZED

*U.S. GOVERNMENT PRINTING OFFICE: 1986-152-562

# The Commonwealth of Massachusetts
### DEPARTMENT OF PUBLIC HEALTH
### REGISTRY OF VITAL RECORDS AND STATISTICS

## CERTIFICATE OF MARRIAGE

This certificate must be delivered to the person before whom the marriage is to be contracted before he proceeds to solemnize the same

(State file number)

**BROCKTON**
(City or town making return)

Registered No. _____

Intention No. __0591__

**1 Place of Marriage**
City or Town: Brockton
(Do not enter name of village or section of city or town)

**2 Date of Marriage:** January 12, 1996

| | GROOM | | BRIDE |
|---|---|---|---|
| 3 FULL NAME | DANIEL LOMBA PIRES | 12 FULL NAME | MARIA ARCANGELA VIEIRA |
| 3A SURNAME AFTER MARRIAGE | PIRES | 12A SURNAME AFTER MARRIAGE | PIRES |
| 4 DATE OF BIRTH | Mar 20, 1960 | 13 DATE OF BIRTH | Sep 17, 1962 |
| 5 OCCUPATION | GENERAL HELPER | 14 OCCUPATION | AT HOME |
| 6 RESIDENCE NO. & ST. | 29 HANCOCK ST. | 15 RESIDENCE NO. & ST. | 29 HANCOCK ST. |
| CITY/TOWN | BROCKTON  ST. MA ZIP 02401 | CITY/TOWN | BROCKTON  ST. MA ZIP 02401 |
| 7 NUMBER OF MARRIAGE (1st, 2nd, 3rd, etc.) | 2ND | 16 NUMBER OF MARRIAGE (1st, 2nd, 3rd, etc.) | 1ST |
| 8 WIDOWED OR DIVORCED | DIV | 17 WIDOWED OR DIVORCED | -- |
| 9 BIRTHPLACE | BRAVA   CAPE VERDE | 18 BIRTHPLACE | BRAVA   CAPE VERDE |
| 10 MAIDEN NAME OF MOTHER | ENIDINA LUZI | 19 MAIDEN NAME OF MOTHER | VICTORIA SANTOS |
| 11 NAME OF FATHER | ARTUR PIRES | 20 NAME OF FATHER | EUCLIDES VIEIRA |

**21** THE INTENTION OF MARRIAGE by the above-mentioned persons was duly entered by me in the records of the Community of BROCKTON according to law, this 27TH day of DEC 19 95

☐ COURT WAIVER  Issued January 5, 1996 by _____
☐ AGE ORDER

**22** I HEREBY CERTIFY that I joined the above-named persons in marriage at No. 45 School St., Brockton on January 12, 1996

Signature: Anthony J. Zeoli
ANTHONY J. ZEOLI
Official station: Justice of the Peace

Residence No. 14 Swell Ave., St., City or Town of Brockton

**23** Certificate recorded by city or town clerk January 12, 1996

CLERK OR REGISTRAR

---

I certify that I am the City Clerk of Brockton, MA and I have custody of records of births, marriages, and deaths required by law to be kept in my office, and I certify that the above is a true copy from said records.

WITNESS MY HAND AND SEAL OF THE CITY OF BROCKTON THIS 12th DAY OF January 1996
FEE $5.00

ANTHONY J. ZEOLI, CITY CLERK