UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2004 OCT 13  P 4: 16

U.S. DISTRICT COURT
DISTRICT OF MASS.

|  |  |
|---|---|
| ADILSON PIRES,<br><br>Petitioner,<br><br>v.<br><br>COMMONWEALTH OF MASSACHUSETTS<br><br>Respondent. | Civil Action No. 04-10377-RCL |

## MEMORANDUM OF LAW IN SUPPORT OF RESPONDENT'S MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS

### INTRODUCTION

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the respondent, Commonwealth of Massachusetts, respectfully submits this memorandum of law in support of its motion to dismiss the petition for writ of habeas corpus filed by the petitioner, Adilson Pires, on the grounds that the petition fails to state a claim upon which relief may be granted.[1] As grounds for this motion, and as set forth more fully below, the petition for a writ of habeas corpus may not be granted because the federal petition involves an unexhausted claim, i.e., a claim which was not presented to the state's highest court before being brought to the federal court. Specifically, the petitioner did not raise an ineffective assistance of counsel claim in his application to the Massachusetts Supreme Judicial Court ("the SJC") and never presented the

---

[1] In the event that this Court declines to dismiss the petition on the grounds set forth in this memorandum, the respondent reserves the right, and requests the opportunity, to address the merits of the claim in this petition.

constitutional nature of his claim to the SJC. Since the petitioner has failed to exhaust his state court remedies with respect to the claim in the instant petition, the petition should be dismissed.

## BACKGROUND

### Prior Proceedings

On October 4, 1999, the petitioner was arraigned, pursuant to a complaint, at the Brockton District Court on the following charges: disorderly conduct (M.G.L. ch. 272, § 53); possession of a Class D substance, marijuana (M.G.L. ch. 94C, § 34); possession with intent to distribute a Class D substance, marijuana (M.G.L. ch. 94C, § 32C); and an accompanying school zone violation (M.G.L. ch. 94C, § 32J). *See* Docket Sheet, *Commonwealth v. Adilson D. Pires*, Brockton District Court No. 9915 CR 006874, attached to the Supplemental Answer ("Supp. Ans.") as Exhibit 1. Attorney Roger W. Milne was appointed to represent the petitioner. *See id.*

The case was scheduled for trial on February 4, 2000, before Judge Dunn in the Brockton District Court. *See* Docket Sheet, Supp. Ans., Exhibit 1; *see also* Brief and Appendix for the Commonwealth, *Commonwealth v. Adilson Pires*, Appeals Court No. 2001-P-1259, Supp. Ans., Exhibit 5. That day, the petitioner offered a plea of guilty to several of the counts on which he had been charged.[2] *See* Supp. Ans., Exhibit 5, p. 2.

One year and four months later, on June 20, 2001, the petitioner filed a "Motion to Revoke Plea and Vacate Guilty Finding and Set Case for a New Trial." *See* Supp. Ans., Exhibit 2. After a hearing on July 12, 2001, at the Fall River District Court, Judge Dunn denied the

---

[2] A detailed explanation of the terms of the petitioner's guilty plea is set forth in the Commonwealth's Brief to the Massachusetts Appeals Court in connection with the petitioner's state court appeal. *See* Supp. Ans., Exhibit 5, p. 2. Since the details of the plea are not relevant to this motion to dismiss, they are not set forth in this memorandum.

2

petitioner's motion. *See* Supp. Ans., Exhibit 3; *see also* Docket Sheet, Supp. Ans., Exhibit 1.

The petitioner appealed the denial of the motion to revoke his plea and vacate the guilty finding. *See* Supp. Ans., Exhibits 4 and 5. On November 15, 2002, the Massachusetts Appeals Court affirmed the denial of the motion. *See Commonwealth v. Adilson D. Pires*, 56 Mass.App.Ct. 1109, 778 N.E.2d 1037 (2002)(table), Supp. Ans., Exhibit 6.

On December 3, 2002, the petitioner filed an Application for Further Appellate Review ("ALOFAR") with the SJC. *See* Supp. Ans., Exhibit 7. In his ALOFAR, the petitioner contended that his motion to withdraw his plea should have been allowed because the plea was not knowing and voluntary since the elements of the crimes to which he pled guilty had not been sufficiently explained to him either by the court or by his counsel. *See id.* The petitioner further asserted that his motion to withdraw his plea should have been allowed since there was not an admission of facts on one of the elements of one of the crimes to which he pled guilty. *See id.*

In the ALOFAR, the petitioner did not cite a single federal case and he did not refer to any provision of the federal (or state) constitution. *See* Supp. Ans., Exhibit 7. The petitioner also did not make any claim of "ineffective assistance of counsel." *See id.*

### The Instant Federal Habeas Petition

On February 24, 2004, the petitioner submitted to this Court a "Notice of Motion to File a Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2244 By a Prisoner in Custody," along with supporting papers. On August 5, 2004, this Court issued a ruling treating the petitioner's filing as a petition for a writ of habeas corpus, stating "[b]ecause the petitioner apparently seeks to challenge a Massachusetts state court conviction, the Court will construe the petition as having been filed pursuant to 28 U.S.C. § 2254."

In his petition, the petitioner asserts that he was denied effective assistance of counsel in violation of the Sixth Amendment by failing to explain the charges against the petitioner and failing to investigate "circumstances" and "the punishments [petitioner] would face." *See generally* Petition/Notice of Motion. The petitioner did not make this claim in his ALOFAR presented to the SJC.

## ARGUMENT

The instant habeas petition should be denied because the petitioner has failed to exhaust his state court remedies. Specifically, the petitioner never advanced a claim of ineffective assistance of counsel in the state court, and he has failed to present the constitutional nature of his current claim of ineffective assistance of counsel to the SJC.

### A.  Standard

It is well established that "a federal court should not consider questions posed in a habeas petition until the 'power of the highest state court in respect to such questions' has been exhausted." *Mele v. Fitchburg District Court*, 850 F.2d 817, 819 (1st Cir. 1988), *quoting United States ex rel. Kennedy v. Tyler*, 269 U.S. 13, 17 (1925). *See also Rose v. Lundy*, 455 U.S. 509, 518-19 (1982); *Adelson v. DiPaola*, 131 F.3d 259, 261-62 (1st Cir. 1997); *Dougan v. Ponte*, 727 F.2d 199, 202 (1st Cir. 1984); 28 U.S.C. § 2254(b)(1)(A). The longstanding exhaustion requirement[3], in addition to ensuring that state courts have the first opportunity to correct their own constitutional errors made in their proceedings, enables federal courts to accord appropriate

---

[3] The exhaustion requirement is codified at 28 U.S.C. §§ 2254(b) and (c), which preclude federal habeas review unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). *See also Mele v. Fitchburg Dist. Ct.*, 850 F.2d 817, 819 (1st Cir. 1988).

respect to the sovereignty of the states and promotes comity by "minimiz[ing] friction between our federal and state systems of justice." *Rose*, 455 U.S. at 518. *See also Duncan v. Henry*, 513 U.S. 364, 365-66 (1995); *Ex parte Royall*, 117 U.S. 241, 251 (1886)(state and federal courts are "equally bound to guard and protect rights secured by the Constitution"); *Scarpa v. DuBois*, 38 F.3d 1, 6 (1st Cir. 1994), *cert. denied*, 513 U.S. 1129 (1995); *Duckworth v. Serrano*, 454 U.S. 1, 3 (1984); *Mele*, 850 F.2d at 819.

It is the petitioner's heavy burden to demonstrate that his now-claimed federal errors were fairly presented to the state's highest court. *Nadworny v. Fair*, 872 F.2d 1093, 1098 (1st Cir. 1989). In order to present a claim sufficiently for exhaustion purposes, "a petitioner must inform the state court of *both* the factual and legal underpinnings of the claim." *Scarpa*, 38 F.3d at 6 (emphasis added). The theory that the petitioner advances in his habeas petition must be the same as that relied upon in state court. *Gagne v. Fair*, 835 F.2d 6, 7 (1st Cir. 1987).

**B.    The Petition Should Be Dismissed Because The Petitioner Never Advanced a Claim of Ineffective Assistance of Counsel in His ALOFAR and the Constitutional Basis of the Petitioner's Current Claim Was Never Presented to the SJC.**

In the instant case, a review of the petitioner's ALOFAR shows that his ineffective assistance claim was never presented to the SJC, and that he never alerted the SJC to the constitutional nature of any such claim. *See generally*, Supp. Ans., Exhibit 7. The ALOFAR contains no reference to ineffective assistance of counsel; it does not cite to any federal case, federal statute, or constitutional provision. *See id.* Accordingly, the claim was not exhausted, and the petition must be dismissed. *See Rose*, 455 U.S. at 510, 518-19.

To satisfy the exhaustion requirement, "the petitioner must have fairly presented the

5

substance of his federal habeas claim to the state court before seeking federal habeas review." *Martens v. Shannon*, 836 F.2d 715, 717 (1st Cir. 1988), quoting *Gagne*, 835 F.2d at 7. *Accord Dougan*, 727 F.2d at 200. Exhaustion requires the petitioner to "fairly present . . . the issue" to "the state's highest tribunal." *Mele*, 850 F.2d at 820. In Massachusetts, "an appealed issue cannot be considered as having been fairly presented to the SJC for exhaustion purposes unless the applicant has raised it within the four corners of the ALOFAR." *Mele*, 850 F.2d at 823. Here, since the ineffective assistance of counsel claim raised in the federal habeas petition was never presented to the SJC, Massachusetts' highest court, the habeas petition contains an unexhausted claim, and must, therefore, be dismissed. *See Rose*, 455 U.S. at 510, 518-19. *See also Picard v. Connor*, 404 U.S. 270, 275 (1971)("It would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation")(quoting *Darr v. Buford*, 339 U.S. 200, 204 (1950)); *Martens v. Shannon*, 836 F.2d 715, 717 (1st Cir. 1988)("[F]ederal habeas oversight is not a freewheeling construct. It is dependent, among other things, upon all the claims asserted in the petition having been exhausted in the state courts").

## CONCLUSION

For the foregoing reasons, the respondent respectfully requests that this Court dismiss this habeas petition on the grounds that the claim in the petition has not been exhausted in the state court.

Respectfully submitted,

THOMAS F. REILLY
ATTORNEY GENERAL

*/s/ Maura D. McLaughlin*
Maura D. McLaughlin (BBO #634923)
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, MA 02108
(617) 727-2200, ext. 2857

Dated: October 13, 2004

## Certificate of Service

I hereby certify that on October 13, 2004, I caused a copy of the above document to be served by first-class mail, postage prepaid, upon the *pro se* petitioner, Adilson Pires, Plymouth County Correctional Facility, 26 Long Pond Road, Plymouth, Massachusetts 02360.

*/s/ Maura D. McLaughlin*
Maura D. McLaughlin