UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ADILSON PIRES,                )
       Petitioner     )
                              )
v.                            )   Civil Action No. 04-10377-RCL
                              )
COMMONWEALTH OF               )
MASSACHUSETTS,                )
       Respondent     )
                              )

ORDER ON RESPONDENT'S MOTION TO DISMISS
PETITION FOR WRIT OF HABEAS CORPUS

Adilson Pires has filed a petition for habeas corpus relief, pursuant to 28 U.S.C. §2254, with respect to his conviction of a drug distribution offense in the Brockton (Massachusetts) District Court. The judgment of conviction was entered on February 4, 2000, pursuant to the petitioner's plea to a charge of possession with intent to distribute marijuana. The petitioner was also convicted of disorderly conduct pursuant to the plea, and on the two offenses, he was sentenced to a term of eighteen months in a house of correction.

The petitioner now claims that his conviction was obtained in violation of his Sixth Amendment right to effective counsel. Specifically, he claims that his counsel's performance was deficient in that counsel failed to: (1) move for a continuance to prepare for sentencing; (2) investigate and present character witnesses; (3) present meaningful arguments to the sentencing judge; (4) advise the petitioner of the elements of the distribution offense of which he was charged; and (5) explain to the petitioner that one of the consequences of the petitioner's pleading guilty was that he might be deported. (The petitioner is a Cape Verdean.)

The respondent has moved to dismiss the petition for failure of the petitioner to exhaust remedies available to him in the courts of Massachusetts for the alleged violation of his Sixth Amendment rights. *See* 28 U.S.C. §2254(b)(1)(A) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State."). The petitioner has not responded to the motion to dismiss.

The record before me shows that on June 20, 2001, the petitioner filed a motion to revoke his plea and to vacate the guilty finding entered pursuant to that plea. That motion was heard by the original sentencing judge and denied. The petitioner appealed to the Massachusetts Appeals Court, which affirmed the denial. *Commonwealth v. Pires,* 56 Mass. App. Ct. 1109 (2002) (Table). The grounds asserted by the petitioner on the appeal were that he did not understand that he was pleading guilty to an offense involving the distribution (as distinguished from the mere possession) of a controlled substance, or that he could be deported by virtue of his plea. *Id.*

Following the ruling by the appeals court, the petitioner filed an Application For Further Appellate Review ("ALOFAR") with the Supreme Judicial Court ("SJC") of Massachusetts. In the ALOFAR, the petitioner asserted that his motion to withdraw his plea should have been granted because he had not admitted to facts constituting possession with intent to distribute. The petitioner also asserted that the elements of possession with intent to distribute were not "sufficiently explain by the court *or counsel* petitioner's ALOFAR." *See* Ex. 7, Respondent's Supplemental Answer.

To satisfy the exhaustion requirement of §2254(b), the petitioner is required to show that he "tendered his federal claim [to the state's highest court] in such a way as to make it probable

2

that a reasonable jurist would have been alerted to the existence of the federal question." *Barresi v. Maloney,* 296 F.3d 48, 51 (quoting *Casell v. Clemons,* 207 F.3d 18, 20 (1st Cir. 2000) (bracket in original)) (citations and internal quotation marks omitted).  The petitioner can make the showing in one of several ways.  He can offer evidence that he cited the Sixth Amendment in papers he presented to the Supreme Judicial Court, that he presented the substance of his Sixth Amendment claim in a manner that was likely to have alerted the SJC to the claim's federal nature, that he relied on federal constitutional precedents, or that he claimed his Sixth Amendment right before the SJC.  *See id.* at 52.

The ALOFAR indicates that the petitioner failed to take any of the foregoing steps.  There is only the barest hint of a possible Sixth Amendment claim in the caption of the first point presented to the SJC for consideration when the petitioner asserted that the elements of the distribution offense "were not sufficiently explained by the court *or counsel*."  The argument that follows the caption, however, belies any argument that the petitioner fairly presented his Sixth Amendment claim to the SJC.  The argument, comprising approximately three pages of the ALOFAR, focuses on the conduct of the presiding judge and his failure to assure that the petitioner understood the elements of the drug offense to which he was pleading.  No Sixth Amendment case was cited in connection with the argument.  The single state case on which the petitioner relied, *Commonwealth v. Correa,* 43 Mass. App. Ct. 714, 720 (1997), was one in which the Appeals Court ruled that a Fourteenth Amendment due process violation had occurred when a judge, in accepting a defendant's guilty plea, failed to ascertain whether the defendant had understood the elements of the offenses charged against him, the consequences of pleading guilty

to those charges, and the rights the defendant was surrendering by virtue of his plea. That case did not explore any Sixth Amendment claim.

Based on the record before me then, I conclude that the petitioner here has failed to exhaust his Sixth Amendment claim in the state courts of Massachusetts. Accordingly, the motion to dismiss the petition is granted. The dismissal of the petition is without prejudice so that the petitioner can make an effort to meet the exhaustion requirement. He is directed to report to this court, not later than ninety days from the date of this order, regarding any steps he has taken to exhaust his state remedies. If the petitioner fails to report as required, or, if the petitioner obtains relief in the courts of the Commonwealth, the respondent may move that the petition be dismissed with prejudice and that judgment enter for the respondent. Nothing in the preceding sentence, however, should be construed as limiting the respondent's right to move for dismissal of the petition with prejudice or for judgment in its favor on any appropriate ground after ninety days from the date of this order.

SO ORDERED.

    /s/ REGINALD C. LINDSAY
    UNITED STATES DISTRICT JUDGE

Dated: March 31, 2005